Mark Borghese, Esq.
Nevada Bar No. 6231
*mborghese@weidemiller.com*
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128
Tel. (702) 382-4804
Fax (702) 382-4805

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KARTWHEELS USA, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TROLLEYBASKET NORTH AMERICA LLC., a Connecticut limited liability company, and ACURIX LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 2:10-cv-01755-PMP-LRL<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

WHEREAS, the parties as well as non-parties may, during the course of this action, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have, through counsel, stipulated and agreed to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY STIPULATED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information in this action.

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with these actions and designated in accordance with this Order.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11                1

2. Any party (hereinafter "Designating Party") may designate information or documents produced, used, or disclosed in connection with this action ("Discovery Material") as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" to the other parties and other persons involved in this action (collectively "Receiving Party") by stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" on the documents or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order. In designating Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," counsel for a Designating Party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" as defined in Paragraphs 2.a. or 2.b. of this Order.

 a. "CONFIDENTIAL" means trade secrets, other confidential, non-public and proprietary technical information, including, research or development information, patent applications, trademark applications, commercial, financial, budgeting and/or accounting information, information about existing customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, as well as confidential and proprietary information about affiliate, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships which a producing party in good faith so designates because of its view that the information or any information derived therefrom contains or reflect trade secrets, or other confidential research, development, or commercial information. The "CONFIDENTIAL" category shall be invoked by a Designating Party only relative to documents or categories of documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c).

 b. "CONFIDENTIAL" information may be further restricted by an "ATTORNEY'S EYES ONLY" designation. Designation of "CONFIDENTIAL" information with the further restriction of "ATTORNEY'S EYES ONLY" shall be limited to information and documents that contain or refer to trade secrets or other confidential or technical research,

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11                    2

1   development, business, or financial information that, if disclosed to a business competitor, may

2   tend to damage the Designating Party's competitive position.

3         3.      The designation of Discovery Material in the form of documents, responses to

4   requests for admission and interrogatories, responses to subpoenas or other tangible materials

5   (including, without limitation, electronically stored information), other than depositions or other

6   pretrial testimony, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES

7   ONLY" shall be made by the Designating Party in the following manner:

8         a.      Documents designated "CONFIDENTIAL" shall be so marked by conspicuously

9   affixing the legend "CONFIDENTIAL" on each page containing any confidential information

10  (or in the case of computer medium on the medium and its label and/or cover) to which the

11  designation applies. Such designated Discovery Material shall also be identified by Bates

12  number. To the extent practical, the "CONFIDENTIAL" legend shall be placed near the Bates

13  number;

14        b.      Documents designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY"

15  shall be so marked by conspicuously affixing the legend "CONFIDENTIAL -- ATTORNEY'S

16  EYES ONLY" on each page containing any counsel eyes only information (or in the case of

17  computer medium on the medium and its label and/or cover) to which the designation applies.

18  Such designated Discovery Material shall also be identified by Bates number. To the extent

19  practical, the "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" legend shall be placed near

20  the Bates number;

21        c.      If a document has more than one designation, the more restrictive or higher

22  confidential designation applies.

23        d.      As to those documents that are produced for examination for the purposes of

24  allowing opposing counsel to determine which of those documents opposing counsel desires

25  copies, those documents shall be treated as "CONFIDENTIAL -- ATTORNEY'S EYES

26  ONLY" pursuant to this Order, whether or not marked, until copies of the documents are

27  requested and produced, at which time the produced documents and information therein shall be

28  held pursuant to this Order based upon the designation, if any, marked upon the documents by

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc    1/13/11              3

1  the Designating Party.

2      e.  Documents printed out from any electronic medium marked with
3  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall be marked
4  by the printing party with the same designation as the electronic medium from which they are
5  printed.

6      f.  To the extent electronically stored information or other material cannot
7  physically be labeled "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES
8  ONLY," the parties will identify the material with sufficient specificity to put parties and others
9  subject to this Order on notice as to the confidential nature or such material.

10      4.  Information conveyed or discussed in testimony at a deposition or a court hearing
11  shall be subject to this Order provided it is designated "CONFIDENTIAL" or
12  "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" orally or in writing either at the time the
13  testimony is given or after receipt by the parties of the transcript. During such time as any
14  information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL --
15  ATTORNEY'S EYES ONLY" are disclosed in a deposition, any party shall have the right to
16  exclude from attendance at the deposition any person who is not entitled to receive such
17  information or documents pursuant to this Order. Unless counsel for a party states otherwise on
18  the record, the entire deposition transcript for each deponent in this action and the information
19  contained therein is to be treated as "CONFIDENTIAL ATTORNEY'S EYES ONLY" for a
20  period of time not to exceed 30 days after the party receives a copy of the deposition transcript,
21  during which time the party may designate, in writing, specific portions of the transcript
22  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" as appropriate. If the
23  party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" or
24  "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" within the 30-day period, the other parties
25  shall be permitted to use the transcript and the information contained therein with no restrictions
26  of confidentiality subject to the provisions of paragraph 5 below.

27      5.  Subject to the provisions of Paragraphs 2 and 3, the failure to designate
28  information or documents as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11        4

1  EYES ONLY" in accordance with this Order and the failure to object to such a designation shall
2  not preclude a party at a later time from subsequently designating or objecting to the designation
3  of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL --
4  ATTORNEY'S EYES ONLY." The parties understand and acknowledge that failure of a party
5  to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL --
6  ATTORNEY'S EYES ONLY" relieves the Receiving Party of obligations of confidentiality
7  until such a designation is made, except as otherwise provided herein.  If any Discovery
8  Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
9  ATTORNEYS' EYES ONLY" after the Discovery Material was initially produced, the
10 Receiving Party, on timely notification of the designation, must make reasonable efforts to
11 assure that the Discovery Material is treated in accordance with the provisions of this Order.
12 Within five (5) days of receipt of the substitute copies of Discovery Material, the Receiving
13 Party shall return the previously undesignated Discovery Material and all copies thereof.
14       6.    A party that objects to the designation of any document or information as
15 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall provide
16 written notice of the objection to the Designating Party. The notice shall state with specificity
17 the document objected to and the basis for the objection.  A party that elects to initiate a
18 challenge to a Designating Party's confidentiality designation must do so in good faith and must
19 begin the process by conferring directly (in voice to voice dialogue; other forms of
20 communication are not sufficient) with Counsel for the Designating Party.  In conferring, the
21 challenging party must explain the basis for such challenging party's belief that the
22 confidentiality designation was not proper, must give the Designating Party an opportunity to
23 review the designated Discovery Material, to reconsider the circumstances, and, if no change in
24 designation is offered, to explain the basis for the chosen designation. If the dispute cannot be
25 resolved, the objecting party may move the Court requesting that the document(s) in question be
26 redesignated. If such motion is brought by the objecting party, the Designating Party shall bear
27 the burden of establishing the confidentiality of the document(s) in question. No party shall be
28 under any obligation to object to any designation of confidentiality at the time such designation

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11            5

is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter.

7. Other than by the Designating Party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with this action and shall not be used in any other manner by a Receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

 a. the Court and court personnel;

 b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

 c. the counsel and law firms representing the parties in this action and such counsel's employees, and third-party copy or document management vendors;

 d. no more than a total of two (2) directors, officers or employees of each party, as agreed upon by counsel solely for purposes of this action, who shall, prior to receiving such designated information or documents, be furnished with a copy of this Order and shall execute a Declaration in the form of Exhibit A attached hereto, confirming that he/she has read and understands the provisions of this Order and agrees to be bound hereby ("Designated Employees").

 e. testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 10 shall be followed;

 f. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying; and

 g. such other persons as the parties may designate in writing by stipulation or orally

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11               6

agree upon on the record at a deposition in this action, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", except as may be required by Fed. R. Civ. P. 30 or unless the person otherwise qualifies for access to such documents pursuant to this Order.

      8. Information designated "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" may be limited by restricting the time, place, and manner of inspection, the number of copies allowed, and the format of production (e.g., paper, electronic, executable code, etc.) and shall be limited to:

      a. the Court and court personnel;

      b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

      c. the counsel and law firms representing the parties in this action and such counsel's employees, and third-party copy or document management vendors;

      d. testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any such person is shown or receives any information or document designated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 10 shall be followed;

      e. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" document or information was authored by, addressed to, or received by the person or party testifying; and

      f. such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11         7

1  person is shown or receives any information or document designated as "CONFIDENTIAL --

2  ATTORNEY'S EYES ONLY" he or she must (1) execute a Declaration in the form of Exhibit

3  A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound

4  by the terms of this Order, and further provided that any documents designated as

5  "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall not be left in the possession of the

6  person subject to this subparagraph "f", except as may be required by Fed. R. Civ. P. 30 or

7  unless the person otherwise qualifies for access to such documents pursuant to this Order.

8        9.     This Order shall apply equally to documents and information produced by non-

9  parties to this action pursuant to subpoena or other disclosure.  A non-party may designate

10 documents or information it produces as "CONFIDENTIAL" or "CONFIDENTIAL --

11 ATTORNEY'S EYES ONLY" pursuant to this Order.  A non-party that makes original

12 documents or information available for inspection and review need not designate such

13 documents or materials for protection until after the inspecting party has indicated which

14 documents or material such inspecting party would like copied and produced. During the

15 inspection and before the designation, all of the documents or material made available for

16 inspection shall be deemed "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."  After the

17 inspecting party has identified the documents or materials such inspecting party wants copied

18 and produced, the inspecting party must determine which documents or materials, or portions

19 thereof, qualify for protection under this Order.  Before producing the specified documents or

20 materials, the inspecting party must affix the appropriate legend ("CONFIDENTIAL" or

21 "CONFIDENTIAL -- ATTORNEY'S EYES ONLY") on each page containing information or

22 material that qualifies for protection under this Order.  If only a portion or portions of the

23 material on a page qualifies for protection, the inspecting party also must clearly identify the

24 protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

25 each portion, the level of protection being asserted (either "CONFIDENTIAL" or

26 "CONFIDENTIAL -- ATTORNEY'S EYES ONLY").

27       10.    A party seeking to file any paper or other matter in any civil case designated

28 CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" shall seek to file

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc    1/13/11                 8

1   the paper or other matter under seal, pursuant to the Court's Local Rules, unless the Designating

2   Party authorizes, in writing, that such paper or other matter does not have to be filed under seal.

3         11.    Any person in possession of "CONFIDENTIAL" or "CONFIDENTIAL --

4   ATTORNEY'S EYES ONLY" information shall exercise reasonably appropriate care with

5   regard to the storage, custody or use of such "CONFIDENTIAL" or "CONFIDENTIAL --

6   ATTORNEY'S EYES ONLY" information in order to ensure that the confidential or highly

7   confidential nature of the same is maintained.

8         12.    If information designated "CONFIDENTIAL" or "CONFIDENTIAL --

9   ATTORNEY'S EYES ONLY" is disclosed to anyone other than in a manner authorized by this

10  Order, the party responsible for such disclosure must: (a) immediately bring all pertinent facts

11  relating to such disclosure to the attention of the Designating Party of the "CONFIDENTIAL"

12  or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information; (b) retrieve such

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" information, or,

14  where the information is not retrievable, certify that it has been lost or destroyed and that no

15  copies are within the possession, custody, or control of unauthorized recipients of the

16  information, documents, or materials; and (c) prevent further disclosure.

17        13.    Unless otherwise permitted herein, within sixty (60) days after the final

18  disposition of the action, including all appeals therefrom, all documents (originals and copies)

19  designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" and

20  all excerpts therefrom in the possession, custody, or control of any parties (other than the

21  Designating Party) and any experts, investigators, advisors, or consultants shall be destroyed or

22  returned to counsel for the Designating Party. Outside Counsel for parties other than the

23  Designating Party may retain one copy of each document, pleading, trial exhibit, deposition

24  exhibit, work product, and transcript embodying documents or information designated as

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" for archival

26  purposes only, but shall destroy or return all additional copies of such documents, pleadings,

27  trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the parties and

28  their counsel shall separately provide written certification to the Designating Party within sixty

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11                    9

1  (60) days after the final disposition of the action that the actions required by this paragraph have
2  been completed.

3      14.    The Court shall retain jurisdiction over the parties for the purpose of ensuring
4  compliance with this Order and granting such amendments, modifications, and additions to this
5  Order and such other and further relief as may be necessary, and any party may apply to the
6  Court at any time for an amendment, modification, or addition to this Order. This Order shall
7  survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

8      15.    A party in receipt of documents or information designated as
9  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" hereunder who is
10 required to disclose the document or information pursuant to any law, regulation, order, or rule
11 of any governmental authority, shall give immediate advance notice within two (2) business
12 days, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of
13 any such requested or actual disclosure in writing to the counsel of the other parties to afford the
14 parties the opportunity to seek legal protection from or otherwise limit the disclosure of such
15 information or documents.

16     16.    Neither this Order nor any stipulation therefore, nor any disclosure or use of
17 information or documents, in whatever form, pursuant to this Order, shall be deemed an
18 admission, waiver, or agreement by any party that any information or documents designated as
19 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" hereunder is or is
20 not a trade secret or confidential information for purposes of determining the merits of any
21 claims any party may have against one another or a third party. Neither this Order nor any
22 stipulation therefore shall be deemed to expand the scope of discovery in these actions beyond
23 the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters
24 unrelated to these actions.

25     17.    Inadvertent production of documents subject to work product immunity or the
26 attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the
27 immunity or privilege; provided that the Designating Party notifies the Receiving Party in
28 writing via facsimile or email, with confirmation by first-class mail, of such inadvertent

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11           10

1  production immediately upon learning of same. Such inadvertently produced documents, and all
2  copies thereof, shall be returned to the Designating Party upon request within five (5) business
3  days except that, if the Receiving Party intends to request that the Court order the production of
4  any such inadvertently produced documents, it may retain one copy of the document for such
5  purpose and if so, notify the Designating Party promptly. The Receiving Party must return such
6  inadvertently produced documents if the Receiving Party does not request such relief from the
7  Court within a reasonable time period not to exceed 20 days, unless the parties are engaged in
8  good faith discussions regarding the documents or if the Court denies any such relief, whichever
9  is longer, and no use may be made of such documents thereafter. Nothing in this Order shall
10 prevent the Receiving Party from requesting that the Court order the production of any such
11 inadvertently produced documents. Nothing in this Order prevents any party from petitioning
12 the Court for return of later discovered, inadvertently produced documents that are subject to
13 work product immunity or attorney-client privilege or any other privilege or immunity.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11                    11

18.     Nothing in the Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A party intending to introduce confidential information or documentation at any hearing or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

IT IS SO STIPULATED:

DATED:   1/13/2011                                    DATED:   1/13/2011

**WEIDE & MILLER, LTD.**                              **SNELL & WILMER L.L.P.**

            */s/ Mark Borghese*                                   */s/ Aaron D. Ford*
By:_____                          By:_____
    Mark Borghese, Esq.                                   Aaron D. Ford, Esq.
    7251 W. Lake Mead Blvd., Suite 530                    3883 Howard Hughes Pkwy., Suite 1100
    Las Vegas, NV  89128                                  Las Vegas, NV 89169
    Attorneys for Plaintiff                               Attorneys for Defendants

**ORDER**

**IT IS SO ORDERED**:

_____
UNITED STATES MAGISTRATE JUDGE

DATED:   1-14-11

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11                 12

# EXHIBIT A

Weide & Miller, Ltd.
7251 W. Lake Mead Blvd.,
Suite 530
Las Vegas,
Nevada 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11                         13

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KARTWHEELS USA, INC., a Nevada corporation, | Case No.: 2:10-cv-01755-PMP-LRL |
| Plaintiff, | |
| vs. | **ACKNOWLEDGMENT UNDER PROTECTIVE ORDER** |
| TROLLEYBASKET NORTH AMERICA LLC., a Connecticut limited liability company, and ACURIX LLC, a Delaware limited liability company, | |
| Defendants. | |

I, _____, declare as follows:

1. My address is _____
_____.

2. If I am an expert, a copy of my curriculum vitae is attached.

3. My present employer is _____
_____.

4. My present occupation or job description is _____
_____.

5. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in the above captioned action.

7. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. I will comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11                    14

9. I will hold in confidence, not to disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use only for the purposes of assisting in the resolution of disputes between the parties to the action, any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

10. I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for all parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

12. I declare under penalty of perjury of the laws of the United States and the State of Nevada that the foregoing is true and correct.

_____   _____
Date                                           Signature

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc    1/13/11                    15

# CERTIFICATE OF SERVICE

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 7251 West Lake Mead Blvd., Suite 530, Las Vegas, Nevada, 89128.

On **January 13, 2011**, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**E-MAIL / E-FILE:** Automatically through the court's electronic filing system or by transmitting a copy of the document to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**FAX SERVICE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**MAIL SERVICE:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Nicole Littlejohn*

An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11         16

## SERVICE LIST

| ATTORNEYS<br>OF RECORD | PARTIES<br>REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| Aaron D. Ford, Esq.<br>**Snell & Wilmer L.L.P.**<br>3883 Howard Hughes Parkway<br>Suite 1100<br>Las Vegas, NV 89169<br>Telephone (702) 784-5200<br>Facsimile (702) 784-5252 | Defendants | ☐ Personal service<br>☒ Email / E-File<br>☐ Fax service<br>☐ Mail service |

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

MRB-W-3136.doc   1/13/11         17